Mildred M. ALEXANDER *v.* FIRST NATIONAL
BANK OF FORT SMITH

81-255                                                     631 S.W. 2d 278

Supreme Court of Arkansas
Opinion delivered April 5, 1982
[Rehearing denied May 10, 1982.]

*Richard D. Hampton,* for appellant.

*Rose Law Firm,* by: *W. Dane Clay,* for appellee.

STEELE HAYS, Justice. This is the second appeal from orders of the Crawford Probate Court affecting the estate of J. Fred Alexander, who died in 1956, survived by his widow, Mildred, and two adult children, Caruth and Mary. Fred Alexander left a sizeable estate, subject to the terms of a standard marital deduction will leaving one-half of the estate to Mildred and the balance to her in trust for Caruth and Mary, with the income of the trust belonging to Mildred.

In 1967 Caruth died survived by his widow, Dorothy, the executor of his will, and a minor son, and litigation between Dorothy and Mildred over the handling of the estate began in earnest, culminating in *Alexander, Ex'x* v. *Alexander, Ex'x,* 262 Ark. 612, 561 S.W. 2d 59 (1978). There, we upheld the Crawford Probate and Chancery Courts on numerous disputed issues, including an order directing Mildred to account for real and personal property, but excluding income from the trust. The case was remanded for further proceedings and in June 1978 Mildred filed what purported to be a full and final accounting, to which the executor in succession, the First National Bank of Fort Smith, objected. The bank filed its own accounting, and petitioned for distribution of the remaining assets (four farms and cash totalling $77,478.59) 40.8% to Mildred and 59.2% to the trust. Mildred protested, asserting various agreements and transactions among the heirs and alleging in particular a family settlement allowing her to receive all undistributed assets. The trial court found there was no proof of a family settlement and approved the bank's

accounting and proposed distribution. For reversal, Mildred Alexander argues her right to all undistributed assets as fixed by family settlement. Alternatively, she claims the trust has been excessively distributed, the intent of the testator was defeated by the findings of the trial court, the bank's accounting should not have been adopted, her request for unpaid income should have been allowed, and probate court lacked jurisdiction to determine family settlements. We find the arguments to be without merit.

In support of the family settlement theory, Mildred points generally to the manner family business was conducted after the death of Fred Alexander; she contends the family was close, given to confiding in each other, always handling matters affecting the estate by agreement; that Caruth collected rental payments, made deposits, transferred funds of the estate and advised her in all business and financial matters. She points to a number of beneficial distributions made prematurely to Caruth and Mary and notes that Mary does not dispute the alleged settlement. She also relies on a number of instruments and memoranda of transactions which she insists demonstrate a family settlement.

It cannot be questioned that with Mildred's approval advances were made to Caruth and Mary they were not otherwise entitled to or that the family handled the estate in many respects with a notable absence of formality, but her claim of family settlement rests largely on her own conclusory assertions and on writings she attributes to Caruth, but to which the trial court plainly gave no credence. We do not find in the record credible proof of an actual agreement of the settlement she claims or even of evidence from which an implied settlement could be reliably inferred sufficient to overturn the trial court. She cites a number of our cases for the principle that family settlements are greatly favored, but the problem here is the trial judge found, in rather emphatic terms, an absence of proof supporting the alleged settlement. He also found her arguments to be similar if not identical to those argued in the earlier case, which were decided adversely to her. Further, the trial court gave scant regard to a number of exhibits consisting of instruments or

memoranda relied on by Mildred Alexander, describing such proof as "fabricated, unverified or unsupported documentation." It seems clear the overall credibility of her claim before the trial court was tarnished by the introduction of evidence of questionable authenticity. Too, her disobedience to court orders to deliver records and information to the executor in succession seriously impeded the progress of the case and her actions were condemned by the trial court as contumacious and "absolutely lacking in candor and cooperation." We note a similar comment in the opinion of this court: "There is a total absence of any showing of good faith of Mildred Alexander in the exercise of her discretion in this case." (*Alexander, Ex'x* v. *Alexander, Ex'x, supra,* at p. 630.) Without belaboring the point, we have reviewed the evidence she cites and even if her arguments were not *res judicata,* we are unable to say findings of the trial court were clearly erroneous. Rule 52, A. R. Civ. P.

Another contention is that even without a family settlement agreement the court erred in holding that the trust had not been excessively distributed. Appellant points primarily to the fact that in 1959 she distributed 300 shares of stock of the Commercial Bank of Alma to Caruth and two farms of comparable value to Mary. Other distributions of cash are cited. Aside from the absence of any authority for this assignment of error, the argument is untenable because the distributions on which appellant relies have already been dealt with and are not now open to review. That can be said with certainty of the bank stock issue (see *Alexander, Ex'x* v. *Alexander, Ex'x, supra,* at p. 620) although whether the other items she claims were specifically resolved in the earlier stages of this litigation is not clear. But if not, they could have been and the result is the same — they are now foreclosed. *Hastings* v. *Rose Courts, Inc.,* 237 Ark. 426, 373 S.W. 2d 583 (1963); *Taylor* v. *Taylor,* 153 Ark. 206, 240 SW. 2d 6 (1922); *Motors Ins. Corp.* v. *Coker,* 218 Ark. 653, 238 S.W. 2d 491 (1951).

Appellant contends the probate court is without jurisdiction to determine whether a family settlement agreement was reached. We disagree. This was not an original action to cancel or enforce an alleged family settlement agreement

where chancery jurisdiction might be said to attach. The alleged family settlement agreement was part of a dispute among the heirs over distribution of the estate within the probate proceeding itself, and not independent of it. In fact, the issue was asserted by Mildred Alexander in support of her own accounting and proposed distribution. Clearly, the probate court had jurisdiction to try the issues in this case and its jurisdiction was not lost simply because a family settlement agreement was alleged. *Snow & Smith* v. *Martensen,* 255 Ark. 1049, 505 S.W. 2d 20 (1974); *Hartman* v. *Hartman, Admr.,* 228 Ark. 692, 309 S.W. 2d 737 (1958); *Thomas* v. *Thomas,* 150 Ark. 43, 233 S.W. 808 (1921). We note, too, the absence of any objection to probate jurisdiction until the case reached this court on appeal. An objection to jurisdiction made in good faith should have come before the case was tried and decided on its merits. *Hobbs, Admr.* v. *Collins,* 234 Ark. 779, 354 S.W. 2d 551 (1962); *Park* v. *McClemens, Excr.,* 231 Ark. 983, 334 S.W. 2d 709 (1960).

Other arguments have been considered and rejected: appellant claims impounded income should have been released to her, but the withholding of her funds was due to her failure to comply with court orders and we are not willing to say the court was wrong. She also submits the bank's accounting is improper. We fail to see the merit of the argument; moreover, we are not disposed to strain in behalf of the argument in view of her obdurate refusal to obey orders to surrender records and supply information that would have aided the executor in succession in preparation of an accounting. Without that assistance the bank was left to reconstruct an accounting from tax returns and other data and since she affirmatively impeded its preparation, we find little equity in her argument the accounting is wrong.

The order of the probate court is affirmed.