Mildred M. ALEXANDER et al *v.*FIRST
NATIONAL BANK OF FORT SMITH

82-207                                   646 S.W.2d 684

Supreme Court of Arkansas
Opinion delivered February 21, 1983
[Rehearing denied March 28, 1983.]

*Edward B. Helms* and *Thomas S. Stone*, for appellants.

*Rose Law Firm, P.A.*, by: *W. Dane Clay*, for appellee.

RICHARD B. ADKISSON, Chief Justice. This is the third appeal arising from the will of Fred Alexander, in which he left one-half of this estate to his widow, Mildred, with the residue in trust for his two children, Mary and Caruth II, with Mildred as trustee. Caruth II died, and his widow sued Mildred for an accounting on behalf of her son Caruth III who was a beneficiary of the trust. On the first appeal we removed Mildred as executrix and remanded for a full and final accounting of the estate. *Alexander, Ex'x* v. *Alexander, Ex'x*, 262 Ark. 612, 561 S.W.2d 59 (1978). The second appeal resulted when Mildred filed her own purported full and final accounting and the Executor in Succession, the First National Bank of Fort Smith, filed its own accounting. The trial court approved the Bank's accounting, but deferred action on the various claims for attorney's and executor's fees. Mildred appealed the trial court's approval of the Bank's accounting, and we affirmed in *Alexander v. First National Bank of Fort Smith*, 275 Ark. 439, 631 S.W.2d 278 (1982). During the second appeal, after notice of appeal was filed in the trial court but before the record was filed in this Court, the trial court held a hearing on the various claims for attorney's and executor's fees. The following awards were made which are the subject of this appeal:

$7,000 to the First National Bank of Fort Smith as Executor in Succession

$17,176 to Mr. W. Dane Clay as attorney for the Executor in Succession for his work from May 26, 1978 — June 5, 1981

$30,540 to Mr. W. Dane Clay for his work for Caruth III from 1970 — May of 1978, one-half to be paid by the widow and her daughter.

Appellants first argue that the trial court was without jurisdiction to award attorney's fees since at the time of the award the notice of appeal had been filed. However, we stated in *Andrews* v. *Lauener*, 229 Ark. 894, 318 S.W.2d 805 (1958) that the trial court retains jurisdiction of the case until the record is filed and the appeal is docketed. This had not yet been done in this case when the award was made. Furthermore, matters that are collateral or supplemental to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. *Bleidt* v. *555, Inc.*, 253 Ark. 348, 485 S.W.2d 721 (1972). Here, the award of attorney's and executor's fees was collateral to the appeal from the trial court's decision to uphold the Bank's accounting.

Appellants next argue that the probate court's judgment as to a $30,570.00 attorney's fee awarded to Mr. Clay should be reversed because the ruling made from the bench by the trial judge at the June 22 hearing as to the fee is inconsistent with his actual order concerning the fee. At the hearing, the following exchange took place:

The Court: All right. I divided your claim in half.

I am considering the duplicity and all of the other matters, so that you are entitled to Fifteen Thousand Two Hundred Eighty Five Dollars ($15,285.00) in that connection for recovery of assets for the trust and for the estate, and I am surcharging that one-half against Mildred Alexander, and one-half against Mary Mildred Alexander.

Mr. Clay: All right. What you are saying is the total fee allowed is only one-half of what I asked for?

The Court: The total fee is . . . $15,285.00. . .

However, the trial court's order in this regard filed July 8, 1981, states:

> . . . That considering all of the facts and circumstances made known to the Court herein, the fees and expenses claimed in this connection by Mr. Clay as attorney in the amount of $30,570.00 are found to be reasonable and should be allowed. That however only one-half of this sum or the amount of $15,285.00 would be surcharged to Mrs. Mildred Alexander and her daughter, Miss Mildred Alexander, jointly or severally, for which judgment should be granted against these parties and such interest as may be distributed to them from decedent's estate herein. That in so doing the Court recognizes that Mr. Clay's services were necessary and were effective to protect the interest of the residual heir and beneficiary Caruth Alexander, III; and also of benefit indirectly to the estates of Caruth Alexander and Dorothy Alexander. That therefore the other one-half of the requested fees and expenses to be surcharged, i.e. $15,285.00, should be charged to or received from Caruth Alexander, III, beneficiary of both his parents' estates.

The pronouncement from the bench made at the June 22, 1981, hearing is inexplicably different from the other which was later entered on July 8, 1981. The court apparently changed its mind after its pronouncement from the bench following the June 22 hearing. In such instances we note the court may change an order entered by it. Rule 60, A.R.Civ.P., Vol. 3A, Ark. Stat. Ann. (Repl. 1979); Ark. Stat. Ann. § 62-2015 (Repl. 1971). We have no alternative but to accept the court's last order regarding this matter, there being no showing of mistake or fraud and, therefore, affirm the award of $30,570.00 attorney's fees.

Appellants further argue that the trial court erred in surcharging $15,285.00 in attorney's fees to them, because the will specified that expenses for administration be paid out of the residuary one-half of the estate. We cannot fully

agree with this contention. At one time Mildred was the personal representative of the estate and as such was liable and chargeable for losses to the estate resulting from neglectful or willful breaches of duty in regard to the administration of the estate. Ark. Stat. Ann. § 62-2801 (Repl. 1971). The probate court specifically found that "Mrs. Mildred Alexander did breach her fiduciary duty, and did intentionally neglect her duties as personal representative .... " Therefore, the probate court did not err in surcharging her; however, it was error to surcharge Mary Alexander, a mere beneficiary, there being no authority for such action. Therefore, Mildred Alexander is liable for the total assessment of $15,285.00 under the court's order holding appellants jointly and severally liable.

Appellants contend that the probate court erred in awarding First National Bank of Fort Smith an executor's fee of $7,000. This fee was based primarily on approximately $100,000 which the estate received for flood easements and approximately $42,000 from farm rentals. Appellant alleges that since appellant had the absolute power to dispose of personal property under our ruling in *Alexander, Ex'x* v. *Alexander, Ex'x,* 262 Ark. 612, 561 S.W.2d 59 (1978), the money should not have gone to the Bank in the first place, and therefore the trial court erred in basing the executor's fee on this amount. We cannot agree with this contention. We approved in *Alexander* v. *First National Bank of Fort Smith,* 275 Ark. 439, 631 S.W.2d 278 (1982), the Bank's final accounting, which included the amounts received as floodage easements and farm rentals. The amounts in question passed through the Bank's hands; therefore, it was not error for the Bank to recover its fee based upon these amounts. Ark. Stat. Ann. § 62-2208 (Supp. 1981).

Appellants also argue that Mr. Clay is entitled to no compensation because he represented Caruth III while he was also appointed by the court to represent the Executor in Succession. We cannot agree with this contention. The record reflects that Mr. Clay represented Caruth III from 1970 through May 1978, and then represented the Executor in Succession from May 26, 1978, until the present time. As attorney for the executor in succession, he represented the

interests of the estate and thus necessarily represented the interests of Caruth III to the extent that he was a beneficiary of the estate.

Appellant's argument that an attorney employed by the personal representative must look to the personal representative for payment is also without merit. Ark. Stat. Ann. § 62-2208 (Supp. 1981) specifically authorizes the personal representative to employ legal counsel and contemplates that counsel's fee will be paid by the estate.

Finally, appellants argue that the will created a residuary trust and that the probate court erroneously awarded attorney's fees which were related to the trust since trust matters are within the jurisdiction of the chancery court. This argument is without merit. Here, the residuary trust does not come into existence until the estate is closed. Until then no trust is created and jurisdiction remains in probate.

Affirmed in part, reversed in part.