### Mildred ALEXANDER and Mary M. ALEXANDER Legatees *v.* FIRST NATIONAL BANK OF FORT SMITH, Executor in Succession

84-24                                                      676 S.W.2d 731

Supreme Court of Arkansas
Opinion delivered October 8, 1984

*Gean, Gean & Gean,* by: Lawrence W. Fitting, for appellant.

*Rose Law Firm, A Professional Association,* by: *W. Dane Clay,* for appellee.

JOHN I. PURTLE, Justice. The Crawford County Probate Court entered an order distributing the remaining balance of the estate of J. Fred Alexander who died in 1956. We agree with the appellants that the probate court did not have jurisdiction to partition the estate as was done in the order of distribution here under consideration.

The testator left his widow one-half of his estate free and clear of all debts, taxes and other incumbrances. The other half of this estate was to pay all charges against the property and estate with the balance of the half interest of the estate to be set up in trust for testator's children. The widow was given wide power as trustee of the estate. Her authority included invasion of the corpus if necessary. The facts of this case are set out in more detail in *Alexander* v. *First National Bank of Fort Smith,* 278 Ark. 406, 646 S.W.2d 684 (1983); *Alexander* v. *First National*

*Bank of Fort Smith,* 275 Ark. 439, 631 S.W.2d 278 (1982) and *Alexander Ex'x* v. *Alexander, Ex'x,* 262 Ark. 612, 561 S.W.2d 59 (1978).

The only issue before us is whether the probate court had jurisdiction to make disposal of the real estate as it did.

The order of the court below concluded with the statement, "The Petition for Distribution of Real Property should be granted." It is obvious from the disposition that the court actually partitioned the property. It had been previously determined by the trial court and approved by this court that the appellants owned 40.8% of the 4 separate farms which remained in the estate. The trust owned the other 59.2% of the real property. The mineral rights were distributed in undivided interest in accordance with the above stated interest. However, the land was not subject to precise distribution in kind. The court awarded two farms to the appellant widow and two farms to the trust and ordered the trust to pay the difference in cash. Thus the order was not a distribution but a partition which the probate court had no authority to grant. *Gibson* v. *Gibson,* 266 Ark. 622, 589 S.W.2d 1 (1979). The probate court is a court of limited jurisdiction and it must receive its powers by specific grants of authority from the legislature.

Since the case must be reversed and remanded it is unnecessary to discuss other matters argued on appeal. Although it may appear to be a waste of money and time we are bound by the law to return the case to the trial court with instructions to proceed in chancery for partition of the estate. For almost 30 years this case has languished in the courts because the appellants have generally stubbornly refused to abide by the orders of the court and the expressed intent of the testator.

Reversed and remanded.

HICKMAN, J., concurs.

HUBBELL, C.J., not participating.