STEWART TITLE GUARANTY COMPANY *v.* Don R. CASSILL and Gloria H. Cassill

CA 92-334                                    847 S.W.2d 465

Court of Appeals of Arkansas
Division II
Opinion delivered February 17, 1993

*Marian M. McMullan*, for appellants.

*Zachery David Wilson*, for appellees.

JAMES R. COOPER, Judge. This case originated in a foreclosure action brought by the mortgage holder against the appellees' residence. The appellees filed a third-party complaint against the appellant title companies alleging breach of contract and negligent misrepresentation. The appellants responded with a third-party counterclaim alleging that the appellees' claim was frivolous. The third-party action was severed from the original

foreclosure action. After trial of the third-party action, the chancellor entered an order on April 11, 1991, finding in favor of the appellants on the appellees' third-party complaint, finding that the appellees' third-party complaint constituted a frivolous action, and awarding the appellants attorney's fees and costs with the amount to be determined at a subsequent hearing. On August 23, 1991, the appellants filed a motion for the trial court to set the amount of attorney's fees. On September 9, 1991, the appellees filed a motion to set aside that portion of the April 11, 1991, judgment that concerned the counterclaim. After a hearing, the chancellor entered an order on November 19, 1991, modifying the April order by reversing its award of attorney's fees to the appellants. From that decision, comes this appeal.

For reversal, the appellants contend the chancellor erred in finding that the April 11, 1991, order did not constitute a final judgment; by modifying the April 11, 1991, order; and that the chancellor abused his discretion in setting aside the award of attorney's fees to the appellants and denying the appellants' motion for summary judgment. We affirm.

The chancellor's order of April 11, 1991, bore the heading "Final Order and Opinion of Court." In it the chancellor found that the appellees' contract and tort claims against the appellant were without merit, and awarded the appellants "their attorney's fees and costs with the amount to be determined at a subsequent hearing." Subsequently, in an order dated November 19, 1991, the chancellor found that the April 11 order was not a final judgment and determined that the portion of the April 11 order awarding attorney's fees was in error. The April 11 order was set aside with regard to the award of attorney's fees but confirmed in all other respects.

The appellants' argument that the chancellor erred in modifying the April 11 order is premised on the contention that the April 11 order was a final order. We reject their argument because, with regard to the attorney's fee issue which is the subject of the present appeal, the April order was clearly not final.

A similar situation was presented in *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967), where it was argued that the modification of a decree after the lapse of one full term of court was an unauthorized modification because no grounds for

modification under those circumstances were asserted. The *Thomas* Court rejected this argument because it concluded that the first court action was not a final judgment. In reaching this conclusion, the Court noted that the decisions, opinions, and findings of a court do not constitute a judgment, but instead "merely form the basis upon which the judgment or decree is subsequently to be rendered," and that "[a] judgment or decree for money should state the amount which the defendant is required to pay and the date from which interest is to be computed." Applying these principles to the facts of the case before it, the *Thomas* Court concluded that the first order was not a final judgment because the amount of the money award was not stated therein. *Thomas, supra.*

■ In the case at bar, the April order failed to state the amount of attorney's fees to be awarded, a matter which was in dispute and continues to be disputed by the parties on appeal. Under the *Thomas* rationale, the order is not final. Moreover, the April order specifically anticipates a subsequent hearing to establish the amount of attorney's fees, and an order is generally not considered to be final where further judicial action is necessary to fully and finally determine the rights of the parties. *Hardy v. Hardy*, 217 Ark. 296, 230 S.W.2d 6 (1950).

■ Moreover, the April order is not final because, despite the reservation of the attorney's fees issue for a subsequent hearing, the April order contained no express determination that there was no just reason for delay and express direction for the entry of judgment with respect to the remaining claims. In the absence of such determination and direction:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Ark. R. Civ. P. 54(b).

We are not unaware of the Supreme Court's decision in *Pledger v. Bosnick*, 306 Ark. 45, 811 S.W.2d 286 (1991), where it

was held that the unliquidated award of attorney's fees was a final order. However, unlike the case at bar, *Bosnick* involved the narrow question of whether an order was final for purposes of appeal pursuant to Ark. R. App. P. 2. In contrast, the case at bar addresses a different aspect of finality, i.e., whether the award of attorney's fees was final so as to preclude subsequent modification by the trial court. Furthermore, it should be noted that the attorney's fee award in the present case was based on Ark. Code Ann. § 16-22-309 (1987), which specifically requires that the judgment for attorney's fees be included in the final judgment entered in the action. No such requirement appears in § 26-35-902 (1987), which was the statutory basis for the fee award in *Bosnick, supra.*

■ Given the facts of this case and the authorities cited above, we hold that the chancellor correctly ruled that the April order was not final, and that modification of the April order was therefore "subject to revision *at any time*" pursuant to Ark. R. Civ. P. 54(b), without regard to the time limitations applicable to modification or relief from final judgments enumerated in Ark. R. Civ. P. 52, 59, and 60.

■■ Finally, the appellants contend that the chancellor abused his discretion denying the appellants' motion for attorney's fees and setting aside the previous award of attorney's fees. We are unable to address this issue because the appellants have failed to provide us with a record of the proceedings prior to the order of April 11, 1991. It is the appellants' burden to bring up a record sufficient to show error, *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992), and in the absence of a record of the pleadings and evidence before the chancellor in determining the issue of attorney's fees, we cannot say that any error or abuse of discretion occurred when the chancellor reversed his earlier decision.

Given our resolution of the issues presented on this appeal, the appellees' motion to dismiss the appeal is moot, and we need not address it.

Affirmed.

ROBBINS and ROGERS, JJ., agree.