2011 Ark. 81

**MIDWEST TERMINALS OF TOLEDO, INC., Appellant**

v.

**T. Arthur PALM, Appellee.**

No. 10–791.

Supreme Court of Arkansas.

Feb. 24, 2011.

Rehearing Denied April 7, 2011.

Daily & Woods, P.L.L.C., Fort Smith, by: L. Matthew Davis, for appellant.

Pryor, Robertson, Beasley & Smith, PLLC, by: Mark E. Ford; and Stephen M. Sharum, Fort Smith, for appellee.

JIM GUNTER, Justice.

This case involves a Motion for Rule on Clerk filed by Appellant Midwest Terminals of Toledo, Inc., that we ordered briefed by the parties and submitted as a case. Appellee T. Arthur Palm brought suit against Midwest Terminals for breach of an employment agreement. After a jury returned a verdict in Mr. Palm's favor and the circuit court entered a judgment, Midwest Terminals filed a notice of appeal and attempted to lodge the record with the Clerk of the Arkansas Supreme Court. The Clerk rejected Midwest Terminal's tender of the record, and Midwest Terminals filed the present motion.

On appeal, Midwest Terminals maintains that the Clerk's refusal to lodge the record was error and asks this court to order the Clerk to lodge the record. Midwest Terminals contends that a final, appealable order was not entered in this case until January 5, 2010, when the circuit court ruled on the issue of attorney's fees and costs. We deny Midwest Terminals' motion because the tender of the record was untimely pursuant to Ark. R.App. P.-Civ. 5(b)(2) (2010).

Mr. Palm filed a complaint in Sebastian County Circuit Court on July 14, 2008, alleging breach of an employment contract and wrongful termination. He asked the court to declare that the noncompete clause contained in the employment agreement was unlawful and overly broad. A jury trial was held on October 26–28, 2009, and the jury returned a verdict in Mr. Palm's favor. The circuit court entered a judgment on October 28, 2009, awarding Mr. Palm $972,000 in damages plus post-judgment and prejudgment interest, costs, and attorney's fees. The October 28 order also required Midwest Terminals to prepare a financial affidavit pursuant to Ark. Code Ann. § 16–66–221 (Repl.2005). On November 4, 2009, Midwest Terminals filed a Motion to Vacate or Amend the Judgment pursuant to Arkansas Rule of Civil Procedure 60, contending that because it was not a "resident" of Arkansas, it was not required to comply with the requirements of Ark.Code Ann. § 16–66–221. On November 10, 2009, Mr. Palm filed a Motion for Prejudgment Interest, Attorney's Fees, and Costs. Thereafter, on November 12, 2009, Midwest Terminals filed two motions, one for judgment notwithstanding the verdict, or in the alternative, for remittitur, and one for a new trial.

On November 20, 2009, the court entered an order granting Midwest Terminals' motion to amend the judgment based on the fact that the statutory provision did not apply to Midwest Terminals because it was not an Arkansas corporation. The circuit court entered an amended judgment on November 23, 2009, reflecting the change but leaving the remainder of the order virtually the same. Subsequently, on November 24, 2009, Midwest Terminals filed its response to Mr. Palm's motion for fees, costs, and interest. In that response, Midwest Terminals claimed that Mr. Palm had waived fees and costs pursuant to paragraph thirteen of the employment agreement. On December 7, 2009, the circuit court entered an order denying Midwest Terminals' motion for new trial and motion for judgment notwithstanding the verdict or remittitur. Midwest Terminals filed a notice of appeal from the November 23 amended judgment on December 28, 2009.

Thereafter, on January 5, 2010, the circuit court entered an order awarding prejudgment interest, attorney's fees, and costs to Mr. Palm. In that order, the circuit court rejected Midwest Terminals'

claim that paragraph thirteen of the employment agreement precluded the award of fees and costs. Rather, the circuit court noted that

> a plain reading of that clause indicates it refers to the fees and costs associated with the preparation of the document. It seems entirely unreasonable to interpret the language in that paragraph to include actions to enforce the agreement or to seek redress for a breach of the agreement.

Midwest Terminals amended its notice of appeal on February 3, 2010, to include the order awarding attorney's fees, costs, and prejudgment interest.

On March 15, 2010, Midwest Terminals filed a motion for extension of time to file the record on appeal. In that motion, Midwest Terminals asked the court for an extension of time "up to and including July 23, 2010." Mr. Palm did not object to the extension. The circuit court granted the motion to extend by court order on March 17, 2010, giving Midwest Terminals until July 23, 2010, to lodge the record. On July 23, 2010, Midwest Terminals tendered the record to the Clerk of the Arkansas Supreme Court for filing and docketing. The Clerk of the Court refused to file and docket the record on the basis that it was submitted beyond the seven-month maximum period permitted by Ark. R.App. P.-Civ. 5(b)(2).

We begin our analysis with a review of our rules regarding the proper filing of an appeal. Rule 5(b)(2) of the Arkansas Rules of Appellate Procedure–Civil provides that

> [i]n no event shall the time be extended more than seven (7) months from the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion is deemed to have been disposed of under Rule 4(b)(1), whichever is later.

Ark. R.App. P.-Civ. 5(b)(2) (2010). In addition, Rule 4(b)(1) explains the proper procedure for extending the time period for filing a notice of appeal as follows:

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Ark. R.App. P.-Civ. 4(b)(1) (2010). A circuit court does not have jurisdiction to extend the time for filing the record beyond the seven months contemplated by Rule 5(b)(2). *See Bulsara v. Watkins,* 370 Ark. 461, 261 S.W.3d 461 (2007).[1]

Here, the October 28 judgment concluded the rights of the parties to the subject matter at issue, and pursuant to

---

1. This court, however, may extend the time for filing the record beyond the seven-month period, if the petition to do so is filed within the seven months. Ark. R.App. P.-Civ. 5(b)(3); *see also Coggins v. Coggins,* 353 Ark. 431, 108 S.W.3d 588 (2003). Midwest Terminals did not file such a petition with this court within that time frame, so that issue is not before us.

764

Ark. R.App. P.-Civ. 4(a), Midwest Terminals had thirty days in which to file a notice of appeal. When Midwest Terminals filed its motion to amend the judgment on November 4—one of the enumerated types of posttrial motions that will extend the time for filing a notice of appeal pursuant to Rule 4(b)(1)—the time to file a notice of appeal was extended thirty days from November 20, the date of the entry of the order disposing of that motion. Hence, Midwest Terminals had until December 20 to timely file a notice of appeal from the October 28 judgment.[2] It never filed a notice of appeal from the October 28 judgment. Instead, after the circuit court entered its amended judgment on November 23, Midwest Terminals filed a notice of appeal from that judgment on December 28. The December 28 notice of appeal—filed more than thirty days after the entry of the |₆amended judgment—was untimely. Therefore, Midwest Terminals failed to properly file a notice of appeal from either the original October 28 judgment or the November 23 amended judgment.

■ Despite this deficiency, Midwest Terminals argues on appeal that the Clerk erred in refusing to lodge the record in this case because the January 5 order granting interest, fees, and costs to Mr. Palm was the final order for purposes of appeal. Midwest Terminals maintains that neither the original judgment nor the amended judgment was a final order because the circuit court had not ruled on the "substantive" issue of attorney's fees and costs. Midwest Terminals asserts that the January 5 order awarding fees and costs was the final order for purposes of calcu-

lating the deadline requirements associated with filing an appeal. It posits that the issue of attorney's fees in this instance was not "collateral" because the circuit court was required to interpret the language of the employment agreement to determine whether fees and costs were prohibited under its terms. Midwest Terminals avers that the underlying claim in this case involved an employment contract and that the employment contract expressly provided that each party would pay its own fees and costs. Because the circuit court had not yet interpreted the fees-and-costs provision of the contract, Midwest Terminals claims the issue of attorney's fees was part of the merits of the underlying action. Midwest Terminals cites *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), as support for its proposition that this case presents an exception to the rule that attorney's fees are a collateral issue that do not impact the finality of a judgment.

|₇Mr. Palm responds and maintains that the issue of fees and costs in this case was collateral and did not affect the finality of the November 23 judgment for purposes of appeal. Moreover, Mr. Palm points out that the body of Arkansas jurisprudence has held that the issue of fees and costs is collateral to the substantive issues for purposes of appeal and that reserving the issue of fees and costs does not affect finality of the final judgment for purposes of appeal. Finally, Mr. Palm notes that the case Midwest Terminals relies upon to support its contention—*Budinich*—in fact supports the opposite proposition.

■ We have consistently held that the grant of attorney's fees is a collateral mat-

2. Although Midwest Terminals also filed two other posttrial motions—a motion for judgment notwithstanding the verdict and a motion for new trial, both of which would ordinarily extend the time for filing a notice of appeal—neither of those motions was timely under Rule 4(b)(1) because they were filed more than ten days after the entry of the October 28 judgment.

ter that does not bear upon the finality of the final judgment on the merits. For instance, in *Harold Ives Trucking Co. v. Pro Transportation, Inc.*, we stated,

Appeal may be taken from a final judgment or decree entered by the trial court. Ark. R.App. P.-Civ. 2. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy; thus, the order must put the trial court's directive into execution, ending the litigation, or a separable branch of it. *Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999). Where the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.* The finality of an order is a jurisdictional issue which this court has a duty to address. *Id.*

Matters that are collateral or supplemental to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. *Alexander v. First Nat'l Bank of Fort Smith*, 278 Ark. 406, 646 S.W.2d 684 (1983). We have consistently held that the award of attorney's fees is a collateral matter. *Nettleton Sch. Dist. v. Owens*, 329 Ark. 367, 948 S.W.2d 94 (1997); *Marsh & McLennan of Ark. v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995); *Pledger v. Bosnick*, 306 Ark. 45, 811 S.W.2d 286 (1991).

341 Ark. 735, 737, 19 S.W.3d 600, 602 (2000); *see also Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321. Although our precedent in this area is well established, 7 |₈Midwest Terminals

cites this court to *Budinich, supra*, as supporting the contention that when attorney's fees are included in the underlying contract that is the subject matter of the action, the issue of fees is not collateral but is considered part of the merits of the case. A close reading of *Budinich*, however, does not support Midwest Terminals' assertion. Rather, in that case the United States Supreme Court, in the context of an appeal pursuant to 28 U.S.C. § 1291, specifically rejected the idea that Midwest Terminals is advancing to this court on appeal:

We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time to appeal can be clearly known. Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case.

*Budinich*, 486 U.S. at 202–03, 108 S.Ct. 1717.

We decline to reverse our well-established precedent with regard to this issue. The grant or denial of attorney's fees is a collateral matter that does not affect the finality of a final judgment for purposes of appeal. We are convinced that the *Budinich* Court's analysis is correct—litigants are best served by a bright-line rule with regard to the effect of attorney's fees on an otherwise final judgment or order.[3] The circuit court's consideration of Mr. Palm's motion for prejudgment interest, attorney's fees pursuant to Ark.Code Ann.

---

**3.** We recognize that where the merits of the underlying litigation are to recover attorney's fees—such as, but not limited to, a situation where an attorney is suing pursuant to Ark. Code Ann. § 16–22–304 (Supp.2009), for an attorney's lien—the final, appealable order may, in fact, be an order concerning attorney's fees. However, that is not the issue before us in this case.

§ 16–22–308, and costs—awarded in an order entered January 5, 2010—did not affect the finality of the underlying judgment and was clearly collateral to the merits of the final judgment. Furthermore, the circuit court specifically found in its January 5 order that the express terms of paragraph thirteen of the employment agreement did not apply to prohibit the award of fees in this instance. Rather, the circuit court rejected Midwest Terminals' argument that the employment agreement required interpretation to determine if fees were to be awarded. The attorney's fees in this case were simply a creature of statute to be awarded to the prevailing party and were not intertwined with the merits of the underlying action.

■ Midwest Terminals' attempt to lodge the record on July 23 was untimely pursuant to Rule 5(b)(2) as it was more than seven months past the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion was disposed of under Rule 4(b)(1).

Motion for Rule on Clerk denied.