SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–15–135

| | |
|---|---|
| JONI R. COLLINS **APPELLANT** | **Opinion Delivered** SEPTEMBER 30, 2015 |
| V. | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR–10–429] |
| MITCHELL L. COLLINS **APPELLEE** | HONORABLE DAVID M. CLARK, JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

In an order filed on May 29, 2014, the Faulkner County Circuit Court found appellant Joni Collins had violated the cohabitation provision of the separate property-settlement agreement in her divorce from appellee Mitchell Collins and terminated Mitchell's alimony obligation.[1]  On June 9, 2014, Mitchell filed a motion for attorney's fees, requesting $29,597.50 in attorney's fees and costs of $1522.35, citing Arkansas Code Annotated section 16-22-308 and *Tiner v. Tiner*, 2012 Ark. App. 483, 422 S.W.3d 178, as authority for his request.  Joni resisted this motion.  On October 7, 2014, the trial court entered an order granting Mitchell $25,332.50 in attorney's fees and $1522.35 in costs.  On October 21, 2014, Joni filed a motion for reconsideration; the motion was deemed denied after thirty days when the trial court took no action.  On November 20, 2014, Joni filed her notice of appeal from

---

[1]The underlying merits of this decision are on appeal to this court under a separate appeal, *Collins v. Collins*, 2015 Ark. App. \_\_\_, also decided on this date.

the trial court's grant of attorney's fees.

On appeal, Joni argues that the trial court erred in awarding Mitchell attorney's fees. Specifically, she argues that section 16-22-308 is not applicable because the action for termination of alimony was not a breach of contract but instead was for rescission or enforcement of a contract; that Mitchell was not the prevailing party because he did not prevail on the issue of retroactive termination of alimony; that there were no specific findings of fact made by the trial court that this court can examine in violation of *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990); that Mitchell abandoned the issue of attorney's fees when he filed his notice of cross-appeal because the motion for attorney's fees was pending but not ruled upon when Mitchell filed notice of his cross-appeal that abandoned all pending issues; and that if the motion for attorney's fees was proper, it was excessive. We affirm the award of attorney's fees.

Joni's first two arguments pertain to whether attorney's fees were properly awarded under Arkansas Code Annotated section 16-22-308 (Supp. 2013), which provides, in pertinent part, "In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

Joni argues that the action to terminate alimony was not a breach of contract but a rescission of a contract or enforcement of a contract; she further argues that, even if section 16-22-308 is applicable, Mitchell was not the "prevailing party" and is therefore not entitled to attorney fees. We need not address whether this statutory provision entitles Mitchell to an

award of attorney's fees, as this court held in *Tiner* that a trial court has inherent power to award attorney's fees in domestic-relations cases, and whether the circuit court should award such fees and the amount thereof are matters within the circuit court's discretion. 2012 Ark. App. 483, at 15, 422 S.W.3d 178, 187.

Joni next argues that the trial court did not make any pertinent analysis of the factors set forth in *Chrisco, supra*, in awarding the attorney's fee. However, in *Tiner*, this court also held that an analysis of the *Chrisco* factors is not required for an award of attorney's fees in domestic-relations cases, and that an exhaustive hearing on the amount of attorney's fees is not necessary in such cases because the trial court has presided over the proceedings and gained familiarity with the case and the services rendered by the attorney. 2012 Ark. App. 483, at 16, 422 S.W.3d 178, 187. Due to the trial court's intimate acquaintance with the record and the quality of service rendered, we usually recognize the superior perspective of the trial judge in assessing the applicable factors. *Id*. Furthermore, documentation of time and expense in a divorce case has not been strictly required when the trial court has had the opportunity to observe the parties, their level of cooperation, and their obedience to court orders. *Id*.

Joni also argues that Mitchell has abandoned his request for attorney's fees. Mitchell filed his motion for attorney's fees on June 8, 2014. He then filed his notice of cross-appeal on June 17, 2014, which contained the mandatory language relating to the abandonment of any pending but unresolved claims as required by Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure–Civil. The purpose of the abandonment requirement is to cure a

recurring finality problem. *In re: Arkansas Rules of the Supreme Court and Court of Appeals; Rules of Appellate Procedure–Civil; and Rules of Civil Procedure*, 2010 Ark. 288, 309 (per curiam). The grant of attorney's fees is a collateral matter that does not bear upon the finality of the final judgment on the merits. *Midwest Terminals of Toledo, Inc. v. Palm*, 2011 Ark. 81, 378 S.W.3d 761. We hold that Mitchell did not abandon his claim for attorney's fees when he filed his notice of cross-appeal.

Lastly, Joni argues that, assuming Mitchell's motion for attorney's fees was proper, the amount awarded was unreasonable. An award of attorney's fees will not be set aside absent an abuse of discretion, which occurs when discretion is applied thoughtlessly, without due consideration, or improvidently. *Tiner, supra.* When addressing a trial court's award of attorney's fees, our courts have often observed that there is no fixed formula in determining what is reasonable. *Tiner, supra.* Here, Mitchell's attorney attached a billing statement to the motion for attorney's fees. Mitchell requested $29,597.50 in attorney's fees, but the trial court awarded him only $25,332.50. We cannot say that the trial court abused its discretion in making the award of attorney's fees in the amount it did.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Wagoner Law Firm, P.A.*, by: *Jack Wagoner III* and *Harrison Kemp*, for appellee.