



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–16–444

| | |
|---|---|
| FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC.<br><br>APPELLANT<br><br>V.<br><br><br>VJM ENTERPRISES, LLC, AND VON C. CLOUSE<br><br>APPELLEES | **Opinion Delivered:** January 25, 2017<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT<br>[NO. 32CV-12-129-2]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>DISMISSED IN PART; AFFIRMED IN PART |

**RITA W. GRUBER, Chief Judge**

This is an insurance case in which an insurance company appeals from an order requiring it to pay the entire cost of replacing the roof on its insured's home. On appeal, Farm Bureau Mutual Insurance Company of Arkansas, Inc. (Farm Bureau) argues that the circuit court erred (1) in finding coverage under its policy and (2) in awarding attorney's fees, penalty, and interest. Appellees, VJM Enterprises, LLC, and Von C. Clouse, have moved this court to dismiss part of the instant appeal, arguing that Farm Bureau failed to timely file a notice of appeal from the final judgment and has timely appealed only from the issue of attorney's fees. Because we agree with appellees that Farm Bureau did not timely file a notice of appeal from the final judgment in this case, we grant appellees' motion to dismiss part of the appeal. We affirm the court's order awarding attorney's fees.

The relevant facts are not in dispute. Farm Bureau carried the homeowner's insurance

on a home located in Batesville owned by appellees and occupied by Von's son, Jon Clouse. On April 3, 2011, thunderstorms producing strong winds passed though Batesville. According to Jon, he awoke the morning after the storm and noticed leaking and water damage in the hallway ceiling, the upstairs living room, the kitchen, and the downstairs living room. Von notified his Farm Bureau agent, who made a claim on Von's behalf. An engineer hired by Farm Bureau to inspect the roof reported that there were a few shingles that appeared to have been damaged by the wind, but he said that they were not near where the water damage had occurred and that the leaking was caused by the deteriorated condition of the roof. Farm Bureau denied the claim pursuant to an exclusion for losses caused by "wear and tear, marring or scratching; or deterioration."

Appellees filed a complaint against Farm Bureau claiming that Farm Bureau had wrongfully denied their claim, alleging that they had suffered an insured loss in the amount of $29,000, and asking also for penalty and attorney's fees pursuant to Ark. Code Ann. § 23-79-208 (Repl. 2014). Both parties filed a motion for summary judgment. The court denied Farm Bureau's motion and granted appellees' motion, finding that one of the policy exclusions was ambiguous. This exclusion provided that coverage was excluded for "weather conditions which contribute in any way with a cause or event specifically excluded." The court found that this exclusion, coupled with the exclusion for deterioration, rendered coverage illusory. The court ordered the parties to try the issue regarding whether

SLIP OPINION

replacement of the roof was necessitated by wind—which was covered[1]—or caused by "wear and tear, marring or scratching; or deterioration," which was not.

After a bench trial, the court entered a judgment on January 13, 2016, finding that the wind event on April 3, 2011, caused sufficient damage to the roof to necessitate replacement and awarded appellees judgment against Farm Bureau in the principal amount of $27,000 ($29,000 replacement cost less a $2,000 deductible), together with a 12% penalty, pursuant to Ark. Code Ann. § 23-79-208, with prejudgment and postjudgment interest. The court also made the following statement: "Plaintiffs, as prevailing parties, shall file their motion for costs and fees within 14 days of the entry of this Judgment."

Appellees filed a motion for attorney's fees, costs, and expenses, citing Ark. Code Ann. § 23-79-208(a)(1), which requires the court to award "reasonable attorney's fees" when an insured is the prevailing party against an insurance company that failed to pay after a demand had been made under the policy. Appellees attached affidavits regarding the hourly rate charged by similarly situated attorneys and a detailed statement of services rendered in the case and requested fees in the amount of $18,812.10 and costs of $517.10. Farm Bureau contended that the request was excessive. The court entered an order on February 22, 2016, awarding attorney's fees of $12,500 and costs of $517.10.

On February 29, 2016, Farm Bureau filed a notice of appeal, attempting to appeal from the court's judgment entered January 13, 2016, the judgment against it on appellees'

---

[1]The policy covered "direct physical loss or damage . . . when damage is caused by . . . windstorm or hail[.]"

3

claim, and the court's order entered on February 23, 2016, awarding attorney's fees to appellees.

We turn first to appellees' motion to partially dismiss this appeal and our jurisdiction over this appeal. Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal "shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from," with exceptions not applicable to this case. It is black-letter law that the failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Rossi v. Rossi*, 319 Ark. 373, 374, 892 S.W.2d 246, 246 (1995). Appellees argue that Farm Bureau failed to file a notice of appeal within thirty days from the entry of the court's final judgment on January 13, 2016, and thus that we have no jurisdiction over the appeal from that order. Farm Bureau contends that the circuit court's order of January 13, 2016, was not a final order because it specifically reserved the issue of attorney's fees for a later date.[2]

The issue is whether the court's order entered on January 13, 2016, is a final order. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Johnson v. Windstream Commc'ns, Inc.*, 2016 Ark. App. 419, at 2. Our supreme court has provided the following guidance:

> Where the order appealed from reflects that further proceedings are pending, *which do not involve merely collateral matters*, the order is not final. [*Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1990)]. The finality of an order is a jurisdictional issue which this

---

[2]The parties do not dispute that Farm Bureau did file a timely notice of appeal from the order awarding attorney's fees and, thus, that we do have jurisdiction over its appeal regarding that order.

court has a duty to address. *Id.*

> Matters that are collateral or supplemental to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. *Alexander v. First Nat'l Bank of Fort Smith*, 278 Ark. 406, 646 S.W.2d 684 (1983). *We have consistently held that the award of attorney's fees is a collateral matter. Nettleton Sch. Dist. v. Owens*, 329 Ark. 367, 948 S.W.2d 94 (1997); *Marsh & McLennan of Ark. v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995); *Pledger v. Bosnick*, 306 Ark. 45, 811 S.W.2d 286 (1991).

*Midwest Terminals of Toledo, Inc. v. Palm*, 2011 Ark. 81, at 7, 378 S.W.3d 761, 765 (emphasis added)(quoting *Harold Ives Trucking Co. v. Pro Transp.*, 341 Ark. 735, 737, 19 S.W.3d 600, 602 (2000)).

To refute the longstanding rule that attorney's fees are a collateral matter, and thus that their absence from an order does not destroy the order's finality, Farm Bureau relies on this court's holdings in *Stewart Title Guaranty Co. v. Cassill*, 41 Ark. App. 22, 847 S.W.2d 465 (1993), and *Capitol Life & Accident Insurance Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001). In *Stewart Title*, we affirmed a circuit court's determination that an order bearing the heading "final order" that decided all meritorious claims and awarded attorney's fees and costs "with the amount to be determined at a subsequent hearing" was not a final order. We said that the order "specifically anticipate[d] a subsequent hearing" and that an order is generally not considered to be final "where further judicial action is necessary to fully and finally determine the rights of the parties." *Stewart Title*, 41 Ark. App. at 25, 847 S.W.2d at 466. We decline to extend our holding in *Stewart Title* to this case. In *Stewart Title*, we explained that the case did not fall within the general rule that attorney's fees are a collateral matter because the award of fees was pursuant to a statute specifically requiring the award of

attorney's fees to be included in the final judgment. *Id.* at 26, 847 S.W.2d at 467.[3] That is not the case here. Moreover, in *Phelps*, we held that the trial court's reservation of the issues of prejudgment interest and statutory penalties constituted piecemeal litigation and dismissed the appeal for lack of a final order. *Phelps*, 72 Ark. App. at 466, 37 S.W.3d at 693.

Accordingly, Farm Bureau's notice of appeal from the final judgment was not timely filed, and we have no jurisdiction to hear its appeal from that order. We grant appellees' motion to partially dismiss the appeal. We turn to its appeal from the court's order awarding attorney's fees.

Recognizing the dictates of Ark. Code Ann. § 23-79-208, which require the court to award attorney's fees to a prevailing insured, Farm Bureau's only argument on appeal is that, because the court erred in determining that there was coverage for appellees' loss, the court also erred in awarding attorney's fees under the statute. In light of our dismissal of Farm Bureau's appeal regarding the court's judgment on coverage, we reject appellant's argument challenging the court's order awarding attorney's fees.

Dismissed in part; affirmed in part.

GLADWIN and BROWN, JJ., agree.

*Turner Law Firm, P.A.*, by: *Andy L. Turner* and *Ben C. Hall*, for appellant.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Tom Thompson* and *Kenneth P. "Casey" Castleberry*, for appellees.

---

[3]Arkansas Code Annotated section 16-22-309(c) (Repl. 1999) provides:

In awarding attorney's fees, the court may pronounce its decision on the fees at the conclusion of the trial or special proceedings without written motion and with or without presentation of additional evidence. The judgment for attorney's fees, if any, *shall* be included in the final judgment entered in the action.