

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-1102

TONIE ATKINSON

APPELLANT

V.

CLIFFORD LEDBETTER and
MARGARET LEDBETTER

APPELLEES

Opinion Delivered April 23, 2014

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. CV-2012-577-III]

HONORABLE LYNN WILLIAMS,
JUDGE

AFFIRMED

## ROBIN F. WYNNE, Judge

Tonie Atkinson appeals from an order of the Garland County Circuit Court awarding attorney's fees to appellees, Clifford Ledbetter and Margaret Ledbetter. Appellant argues on appeal that the trial court erred in awarding attorney's fees because the motion for fees was not served in compliance with Arkansas Rule of Civil Procedure 5. She also argues that the statutory provisions relied upon by appellees in their motion provide no basis for an award of fees in this case. We affirm.

The parties own adjoining pieces of property in Garland County. On July 16, 2012, appellant filed a complaint for trespass and damages in which she alleged that a survey performed by Scott Connelly and dated June 8, 2012, revealed that appellees' fence encroached on her property. She prayed for removal of the encroachment, damages, attorney's fees, and costs. Appellees answered the complaint and, on December 10, 2012,

filed a counterclaim in which they sought to quiet title pursuant to a survey performed by Scott Lamar and dated July 25, 2012, which showed different boundary lines than the survey performed by Scott Connelly. Appellees alleged in the counterclaim that appellant filed her complaint after they refused to condemn a well on her property, which would have provided a cost-efficient method for appellant to install sewer lines to her property. Appellees also alleged boundary by acquiescence and adverse possession.

The parties entered into a settlement agreement in May 2013. The agreement states that there was a scrivener's error in appellant's deed, which resulted in the survey she commissioned being incorrect. The agreement also states that appellees relocated their fence to the boundary line reflected on the survey performed by Scott Lamar. The parties consented to an order being entered that would dismiss the complaint and counterclaim with prejudice, with the exception that the parties reserved the right to petition the trial court for attorney's fees in accordance with Arkansas Rule of Civil Procedure 54(e). The trial court entered a consent order on June 4, 2013, that ordered appellant to file a correction deed curing the scrivener's error in her original deed. The order also dismissed the complaint and counterclaim with prejudice, with the exception of the parties' ability to petition the trial court for fees. In the order, the trial court finds that the Lamar survey reflects the true and accurate boundary lines of appellees' property and quiets title in the property described in the survey in appellees.

Appellees filed a motion for attorney's fees on June 18, 2013. In the motion, appellees allege that they are entitled to fees pursuant to Arkansas Code Annotated section 16-22-308

because the parties' deeds to their property constitute a contract between the parties as to the boundary line separating their properties. Appellees further allege that they are entitled to fees pursuant to Arkansas Code Annotated section 16-22-309 because appellant's complaint was filed in bad faith, for the purpose of harassing and maliciously injuring appellees, and for the purpose of delaying adjudication without just cause. Appellant filed a motion to dismiss and strike appellees' motion for attorney's fees in which she alleged that the motion was not filed in accordance with Arkansas Rule of Civil Procedure 5(b)(1) because it was not personally served on her.

After a hearing on the motion for attorney's fees, the trial court entered a judgment in which it awarded appellees $7,836.98 in attorney's fees. In the judgment, the trial court found that the motion was not barred by Rule 5 and that the service on appellant's attorney was proper and effective. This appeal followed.

Appellant's first point on appeal is that the trial court erred by awarding attorney's fees to appellees because they failed to comply with Arkansas Rule of Civil Procedure 5 when they did not personally serve appellant with a copy of the motion for attorney's fees. We construe court rules using the same canons of construction as are used to construe statutes. *Gemini Capital Grp., LLC v. McFarland*, 2014 Ark. App. 83. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* We review issues of statutory construction de novo as it is for

SLIP OPINION

us to decide what a statute means. *Id.* We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

Whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, the service shall be upon the attorney, except that service shall be upon the party if the court so orders or the action is one in which a final judgment has been entered and the court has continuing jurisdiction. Ark. R. Civ. P. 5(b)(1) (2013).[1] The parties are in agreement that the motion was not personally served on appellant within the fourteen-day period prescribed by Arkansas Rule of Civil Procedure 54(e)(2).

Appellant contends that the consent order constituted a final order and that the trial court retained continuing jurisdiction, requiring service of the motion for attorney's fees to be on appellant personally, and that appellees' failure to do so renders the motion ineffective. Appellees contend that the order is not final because the issue of attorney's fees was reserved and not resolved in the order. Our supreme court has held that an attorney's-fees award is a collateral matter that does not destroy the finality of a final judgment on the case's merits. *Midwest Terminals of Toledo, Inc. v. Palm*, 2011 Ark. 81, at 7, 378 S.W.3d 761, 764–65. In support of their argument, appellees rely on our decision in *Stewart Title Guaranty Co. v. Cassill*, 41 Ark. App. 22, 847 S.W.2d 465 (1993), in which we held that an order that awarded attorney's fees but did not set the amount was not final, and the trial court was

---

[1]Contrast this rule with Federal Rule of Civil Procedure 5(b)(1), which states in its entirety that "if a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

allowed to modify the order by reversing the award of fees. This case is distinguishable from *Stewart*. In this case, the consent order simply states that the parties can file motions for attorney's fees. No fees were awarded in the order, no motion had been filed at the time the order was entered, and the order did not expressly anticipate that any motions for fees would be filed. Therefore, we hold that the order was final for the purposes of Rule 5.

Next, we must determine whether the circuit court had continuing jurisdiction. *Black's Law Dictionary* defines continuing jurisdiction as "a court's power to retain jurisdiction over a matter after entering a judgment, allowing the court to modify its previous rulings or orders." 928 (9th ed. 2009). In Arkansas, the exercise of continuing jurisdiction has been almost exclusively the domain of circuit courts in family-law cases, such as divorce proceedings, child-custody disputes, child-support cases, and guardianship proceedings. In those types of proceedings, circuit courts have continuing jurisdiction over the issues presented in light of the ongoing nature of the subject matter and the possibility that circumstances may change following the entry of the original order. Also, those types of cases often involve long periods between the entry of an order and the filing of a motion, giving rise to the need to serve a motion on the party instead of the attorney based on the possibility that the opposing party and that party's counsel may have considered their relationship to have terminated in the interim.

In discussing Arkansas Rule of Civil Procedure 5(b)(3), which also applies to instances in which a final order has been entered and the court retains continuing jurisdiction, our supreme court has stated that there are cases, such as those involving the award of child

support, wherein the trial court must continue its jurisdiction over the parties in order to insure the amounts are correctly established or when arrearages must be enforced. *Maxwell v. State*, 343 Ark. 154, 157, 33 S.W.3d 108, 109 (2000). This case does not present that type of situation. In the case at bar, the circuit court did not retain jurisdiction over the issues in the case after entry of the consent order as it would in a child-custody, child-support, or divorce proceeding because the consent order concluded the rights of the parties as to the issues raised by the litigation. The circuit court's subsequent consideration of a collateral matter such as attorney's fees does not change that. To hold that the circuit court in this case exercised continuing jurisdiction would render the inclusion of that phrase in Rule 5 meaningless, as the consideration of any pending collateral matter would then be considered an exercise of continuing jurisdiction. For these reasons, we hold that the circuit court did not have continuing jurisdiction for purposes of Rule 5. As such, service of the attorney's fee motion on appellant's counsel was proper.

Appellant's next argument on appeal is that it was error to award appellees attorney's fees because Arkansas Code Annotated sections 16–22–308 and 16–22–309 provide no basis for an award of fees in this case. This argument was never raised before the trial court. This court will not consider arguments raised for the first time on appeal. *Ark. Blue Cross & Blue Shield v. Remagen*, 25 Ark. App. 96, 752 S.W.2d 284 (1988). Therefore, this argument is not preserved for review.

Affirmed.
WHITEAKER and VAUGHT, JJ., agree.
*Jonathan D. Jones*, for appellant.
*Carl A. Crow, Jr.*, and *M. Beau Durbin*, for appellees.