KENNETH S. HIXSON, Judge
This domestic-relations appeal arises from long-running and contentious litigation between appellant J. David John (David) and appellee Megan Marie Bolinder (Megan). The only issue in this appeal involves attorney's fees. In an order entered on December 14, 2017, the trial court ordered David to pay Megan $ 29,140 in attorney's fees. David argues that the attorney's-fee award should be reversed in its entirety because the trial court lacked the authority to award them, and also because Megan's motion for attorney's fees was untimely. We affirm as modified.
David and Megan were never married but they share a son, Isaiah, who was born on March 12, 2010. On February 9, 2012, the trial court entered an order awarding primary custody of the child to Megan, while awarding David visitation and ordering him to pay child support.[1] David appealed this initial award of custody, visitation, and child support, raising several issues on appeal. Megan cross-appealed, arguing that the trial court erred in its calculation of David's child support. In John v. Bolinder , 2013 Ark. App. 224, 2013 WL 1456713, we affirmed the direct appeal but reversed and remanded the cross-appeal with instructions for the trial court to use a different method to calculate David's child-support obligation.
On remand, the trial court entered an order that substantially increased David's child-support obligation. Additional litigation ensued, and more orders were entered. On December 9, 2013, the trial court entered an order of dismissal without prejudice, on David's motion, dismissing David's claims for change of custody and child support, or alternatively to modify visitation. On February 27, 2014, the trial court entered an order granting Megan's petition to modify David's visitation.
On November 26, 2014, David filed a motion for the release of Megan's medical records. On April 28, 2015, David filed a motion to modify child support and to modify visitation. Meanwhile, Megan had filed a motion for contempt against David. After a hearing on the motions, the trial court entered an order on June 30, 2015, denying David's request for the release of Megan's medical records and denying David's motion to modify visitation. David appealed from that order, but we dismissed the appeal for lack of a final order because David's motion to modify child support and Megan's contempt motion remained unresolved. See John v. Bolinder , 2016 Ark. App. 357, 498 S.W.3d 307.
After our dismissal, Megan's motion for contempt was denied. Megan was also awarded $ 2080 in attorney's fees, apparently in relation to her defense of David's motions for the release of her medical records and to modify child support and visitation. On September 29, 2016, David *420 filed a motion to change custody, or alternatively expand visitation, and reduce child support.
Additional motions were filed, and more orders were entered. Relevant to this appeal, the trial court entered an order on February 2, 2017, denying David's motion for the trial court to recuse, and entered an order on June 23, 2017, denying David's petition to hold Megan in contempt.
On September 12, 2017, Megan filed a petition for attorney's fees, which is the motion precipitating the trial court's most recent attorney's-fee award and giving rise to this appeal. In that petition, Megan requested a total of $ 29,140 in attorney's fees, with the following specifics:
5. That the total amount of attorneys' fees billed to [Megan] by my firm on the matter of Motion for Change of Custody, Child Support, or Alternatively Modify Visitation filed August 12, 2013, is $ 10,680.00. That this sum includes 53.4 billable hours.
6. That the total amount of attorneys' fees billed to [Megan] by firm for responding to motions filed by [David] which were ultimately denied by the Court less a previous award of attorney's fees in the amount of $ 2,080.00 is $ 8,720.00. That this sum includes 54 billable hours.
6.[sic] That the total amount of attorneys' fees billed to [Megan] by my firm on the matter of Motion for Change of Custody and, Alternatively to Expand Visitation and Reduce Child support filed September 29, 2016, is $ 9,740.00. That this sum includes 48.7 billable hours.
7. That this Court has inherent discretion in awarding attorneys' fees in domestic relations cases.
8. In this case, [David] previously nonsuited the August 12, 2013 Motion for Change of Custody on December [9], 2013, approximately one month prior to the January 7, 2014 final hearing setting. On September 29, 2016, [David] then filed a Motion for Change of Custody and, Alternatively, to Expand Visitation and Reduce Child support, an action based upon or including the same claim against the same Defendant. He has now motioned the Court to Nonsuit this action as well - approximately one month prior to trial.
On October 3, 2017, David filed a response to Megan's petition for attorney's fees asking that it be denied.
On December 14, 2017, the trial court entered an order for nonsuit, granting David's motion to voluntarily nonsuit his motion to change custody, or alternatively expand visitation, and reduce child support. In that order, the trial court found that all claims of the parties had been adjudicated or dismissed.
Also on December 14, 2017, the trial court entered an order awarding Megan $ 29,140 in attorney's fees. In its order, the trial court stated that it examined Megan's petition for attorney's fees and weighed the Chrisco[2] factors and David's financial position. The trial court also stated that it considered David's seemingly unlimited capacity to fund said litigation.
David now appeals from the trial court's December 14, 2017 order ordering him to pay $ 29,140 in attorney's fees. David argues that the trial court lacked authority to award these fees, and also argues that Megan's attorney's-fee petition was untimely.
Arkansas Rule of Civil Procedure 54(e)(2) provides that a motion for attorney's *421 fees "must specify the judgment and the statute or rule entitling the moving party to the award." David argues that Megan's motion for attorney's fees was fatally flawed because it cited no statutory authority or rule entitling her to the fees. David acknowledges that Megan's petition did cite Rule 41, which pertains to dismissals of actions and was applicable to David's voluntary nonsuit of his most-recently-filed claims for a change of custody, or alternatively to expand visitation and reduce child support. However, David points out that although Rule 41 provides for an award of costs under certain circumstances,[3] it contains no provision for attorney's fees. Thus, David claims that the trial court was without authority to award attorney's fees.
We reject David's argument that the trial court lacked the authority to award attorney's fees because the trial court had inherent power to award the fees independent of any statute or rule. In Megan's motion, she stated that the trial court has inherent discretion to award attorney's fees, and David conceded as much in his response to her motion. In Vice v. Vice , 2016 Ark. App. 504, 505 S.W.3d 719, we held that the trial court has inherent power to award attorney's fees in domestic-relations proceedings, and whether the trial court should award fees and the amount thereof are matters within the discretion of the trial court. In such cases, no statutory authority is required. Vice , supra ; see also Hudson v. Hudson , 2018 Ark. App. 379, 555 S.W.3d 902 (trial court in domestic-relations proceedings has inherent power to award attorney's fees independent of statute or rule).
Under this point, David does not contend that the trial court abused its discretion in awarding attorney's fees, nor does he argue that the amount awarded was an abuse of discretion. His only claim under this point is that the trial court had no authority to award any attorney's fees. Because the trial court had inherent authority to award attorney's fees based on our settled case law, David's argument is without merit.
David's remaining argument is that Megan's petition for attorney's fees was untimely. Rule 54(e) provides that "[u]nless otherwise provided by statute or other order of the court, the motion [for attorney's fees] must be filed and served no later than 14 days after entry of judgment." In this case Megan's petition for attorney's fees was filed on September 12, 2017, and the order for nonsuit granting David's motion to voluntarily nonsuit his motion to change custody, or alternatively expand visitation and reduce child support, was not entered until December 14, 2017. That being so, David argues that Megan's motion for attorney's fees as it relates to the order of nonsuit was not timely filed because it was filed too early and was not filed within fourteen days after entry of the judgment. David further argues that Megan's request for attorney's fees in her September 12, 2017 petition that related to the trial court's prior orders was untimely as to those orders because it was not filed within fourteen days of the prior orders. David cites two cases where the appellate court reversed attorney's-fee awards based on untimely petitions. Norman v. Norman , 347 Ark. 682, 66 S.W.3d 635 (2002) ; Morehouse v. Lawson , 90 Ark. App. 379, 206 S.W.3d 295 (2005).
We conclude that Megan's attorney's-fee petition was timely as to the $ 9740 in attorney's fees associated with the trial court's December 14, 2017 order of nonsuit. Rule 54(e) provides that the motion must be filed no later than fourteen days *422 after entry of judgment. Thus, Megan had until December 28, 2017, to file her petition. Megan filed her petition on September 12, 2017, which was long before the deadline. David cites no authority for the proposition that an attorney's-fee petition filed prior to the judgment is untimely, and we hold that it is not.
We agree, however, with David's contention that Megan's September 12, 2017 petition was untimely as to the other attorney's fees she requested relating to prior proceedings in the case that that had been previously disposed of by the trial court. This is because her petition was not filed within fourteen days of those prior orders. In Morehouse , supra , we held, pursuant to our supreme court's holding in Norman , supra , that we were required to reverse the attorney's fees awarded in that case because the motion for fees was filed more than fourteen days after entry of the judgment.
In her fee petition, Megan asked for attorney's fees of $ 10,680 for services rendered in defense of David's motion for change of custody, child support, or alternatively modify visitation that was dismissed by the trial court on December 9, 2013. Megan also asked for attorney's fees of $ 8,720 for responding to other prior motions filed by David and ultimately denied by the trial court. These orders included a February 2, 2017 order denying David's motion for the trial court to recuse, and a June 23, 2017 order denying David's petition to hold Megan in contempt.
The trial court's order of dismissal entered on December 9, 2013, specifically provided that each party pay his or her own attorney's fees. Megan took no appeal from that order, nor did she file a motion for attorney's fees within fourteen days. The trial court's February 2, 2017 order provided that "Defendant's Motion for her Attorney's fees will be considered if submitted in a timely manner." The trial court's June 23, 2017 order provided that "counsel for the Defendant shall submit an Affidavit for her fees within ten (10) days of the entry of this order." Megan made no timely attorney's-fee motion from either of these orders. Because Megan's attorney's-fee petition was untimely as to these prior orders and directives of the trial court, the trial court erred in awarding attorney's fees related to these matters.
Because Megan's attorney's-fee petition was timely as to only the December 14, 2017 order for nonsuit, we affirm the award of $ 9740 associated with those claims. Because Megan's request for the remainder of the attorney's fees was untimely, those fees should not have been awarded. The trial court's order is affirmed as modified to reduce Megan's attorney's-fee award to $ 9740.
Affirmed as modified.
Gruber, C.J., and Brown, J., agree.

In that order, the trial court assessed $ 45,960 in attorney's fees against David. Those attorney's fees are not at issue in this appeal.

Chrisco v. Sun Indus., Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990).

See Rule 41(d).