Cite as 2022 Ark. App. 99

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-174

| | | |
|---|---|---|
| KERRY HOLLIS | | Opinion Delivered March 2, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22DR-16-159] |
| V. | | |
| CONSTANCE O. HINTON AND VALERIE HINTON | | HONORABLE ELLEN B. BRANTLEY, JUDGE |
| | APPELLEES | |
| | | DISMISSED |

## BART F. VIRDEN, Judge

The Drew County Circuit Court denied appellant Kerry Hollis's motion for reconsideration of the denial of his petition to terminate the grandparent-visitation rights of appellee Valerie Hinton.[1] On appeal, Hollis, who is proceeding pro se, argues that the circuit court's order granting visitation to Hinton did not contain a reasonable explanation or a legal opinion as required by Ark. Code Ann. § 9-13-103 (Supp. 2021) and that visitation with Hinton is not in his children's best interest. Hinton has filed a motion to dismiss alleging that Hollis's notice of appeal was not timely. We agree with Hinton and, therefore, dismiss the appeal.

I. *Background and Procedural History*

---

[1]While Constance Hinton's name appears on the notice of appeal, she did not file a brief in this matter. "Hinton" in this opinion refers only to Valerie Hinton, who is represented by separate counsel.

Hollis has two children with Constance Hinton, to whom he was never married: a son, K.H., born in 2006; and a daughter, C.H., born in 2007. The children lived with Hinton, their maternal grandmother, until K.H. was eighteen months old and C.H. was six months old. Hinton was permitted to intervene in Hollis's paternity proceedings in 2010. Hollis was awarded custody of the children. In August 2015, Hinton was given grandparent visitation with the children over Hollis's objections.

A hearing was held on December 7, 2016, on a motion for contempt filed by Hinton because Hollis had been withholding visitation with the children. The hearing resulted in an order entered December 19, 2016, in which the circuit court found no willful contempt by Hollis. The circuit court also set forth a revised visitation schedule for Hinton. Hollis did not file a notice of appeal; however, he filed a petition to terminate Hinton's visitation on December 20, 2016.

The matter was finally heard on April 24, 2019,[2] and the circuit court entered an order denying Hollis's petition to terminate visitation on June 8, 2020. On June 10, Hollis filed the motion for reconsideration at issue here. On October 20, the circuit court entered an order setting a hearing on Hollis's motion for December 3, 2020. Following the hearing, the circuit court entered an order on December 28, denying the motion because Hollis had failed to show any changed circumstances since the hearing on April 24, 2019.

---

[2]The hearing was held by Judge Kenneth Johnson, who died in October 2019. On October 31, 2019, the Arkansas Supreme Court appointed Judge Ellen Brantley to hear his cases.

On January 19, 2021, Hollis filed a notice of appeal from "the Order and hearings of December 7, 2016[;] April 24, 2019[;] and December 3, 2020." Hinton filed a motion to dismiss on the basis that Hollis's appeal was untimely.

## II. *Discussion*

Arkansas Rule of Appellate Procedure–Civil 4(b)(1) provides that, upon timely filing in the circuit court of a motion to vacate, alter, or amend the judgment made no later than ten days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty days from entry of the order disposing of the last motion outstanding. *Id.* However, if the circuit court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty days from that date. *Id.*

Hollis filed a timely posttrial motion, but when the circuit court did not rule on it, it was deemed denied after thirty days, or July 10, 2020. Hollis had thirty days, or until August 9, to file his notice of appeal. He did not file a notice of appeal until January 19, 2021. *See Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997) (reversing and remanding because the circuit court lacked jurisdiction to rule on a posttrial motion). The circuit court's actions of setting a hearing, holding the hearing, and entering an order were all done when the circuit court was without jurisdiction as to the motion to reconsider as it pertained to matters previously decided. Of course, a circuit court maintains continuing jurisdiction over visitation and may modify or vacate those orders at any time when it becomes aware of a change in circumstances or facts not known to it at the time of the initial order. *Wilson v. Wilson*, 2016 Ark. App. 191, 487 S.W.3d 420.

Hollis's notice of appeal filed January 19 would be timely filed as to the December 28 order *if* he had raised any new or changed circumstances.

Grandparent visitation is governed by Ark. Code Ann. § 9-13-103. Grandparent visitation is a statutorily created right and in derogation of common law; therefore, we must strictly construe the statute. *Bowen v. Bowen*, 2012 Ark. App. 403, 421 S.W.3d 339. Section 9-13-103(c)(1) provides that there is a rebuttable presumption that a custodian's decision denying or limiting visitation to the petitioner is in the best interest of the child, and to rebut that presumption, the petitioner must prove a significant and viable relationship with the children and that visitation is in their best interest. Section 9-13-103(f)(5) provides that, *after* an order granting or denying visitation has been entered under this section, the custodian may petition the court to, among other things, address the issue of visitation based on a change in circumstances. Ark. Code Ann. § 9-13-103(f)(5)(B).

Hollis's allegations in his motion to reconsider are merely a rehashing of prior disputes and incidents that have already been litigated—one of the exhibits to his motion is a police report from 2008. In other words, Hollis did not allege any new or changed circumstances. He did mention the COVID-19 pandemic and vague accusations against the attorney ad litem, which could be considered new issues; however, Hollis does not argue either of those issues on appeal. Indeed, his arguments on appeal are directed toward an *initial* award of grandparent visitation, not changed circumstances.

Dismissed.

GRUBER and BARRETT, JJ., agree.

*Kerry Hollis*, pro se appellant.

*Jon Johnson*, for separate appellee Valerie Hinton.