Cite as 2023 Ark. App. 139

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-139

|  |  |
|---|---|
| | Opinion Delivered March 8, 2023 |
| MICHAEL SEAN MULLENIX<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-20-45] |
| V. | |
| | HONORABLE CECILIA DYER, JUDGE |
| JENNIFER MAYBERRY<br>APPELLEE | REVERSED |

**KENNETH S. HIXSON, Judge**

Appellant Michael Sean Mullenix appeals after the Garland County Circuit Court filed an order granting appellee Jennifer Mayberry's motion for attorney's fees and denying appellant's motion to dismiss appellee's motion for attorney's fees. Appellant argues on appeal that the circuit court erred when it granted appellee's motion and denied his motion to dismiss because appellee had failed to serve her motion for attorney's fees on him as required by Arkansas Rule of Civil Procedure 5(b)(1). We agree and reverse.

I. *Relevant Facts*

This case stems from a paternity action. In 2008, the circuit court entered an order wherein it approved the parties' agreement regarding custody, child support, and visitation of their minor child. Twelve years later, on July 21, 2020, appellant Mullenix filed a petition to modify custody, visitation, and child support. Appellee Mayberry asked that the motion

be denied and that she be awarded her attorney's fees and any other appropriate relief. After a hearing, the circuit court entered an order on December 27, 2021, wherein the court denied appellant's petition regarding custody and visitation but modified child support in appellee's favor.

On January 9, 2022, thirteen days after the order was entered, appellee filed a motion for attorney's fees and attached a detailed billing record of the attorney's fees she incurred in the amount of $12,860 and served a copy on appellant's attorney. Appellant subsequently filed a motion to dismiss appellee's motion for attorney's fees on January 12, 2022. Appellant argued that appellee's motion should be dismissed under Arkansas Rule of Civil Procedure 54(e) and Arkansas Rule of Civil Procedure 5(b)(1). More specifically, appellant argued that Rule 54(e) required any motion for attorney's fees to be filed *and served* no later than fourteen days after entry of the judgment *and* that Rule 5(b)(1) required service to be made on him personally rather than on his attorney because appellee's motion was filed after a final judgment had been entered and the circuit court had continuing jurisdiction. Appellant explained that although appellee filed the motion within fourteen days, appellee only served her motion through the electronic filing system on appellant's attorney and not on him personally. Therefore, he argued that because appellee failed to serve the motion on him rather than his attorney, the motion for attorney's fees and costs should be dismissed.

Appellee filed her response to the motion to dismiss on January 26, 2022. She argued that the motion to dismiss should be denied for multiple reasons. Mayberry first argued that the court's December 27, 2021, order was not a final order in that it did not address her

2

request for attorney's fees that "was expressly pled and tried by the implied consent of the parties during the final hearing." She attached a partial transcript of the final hearing in which appellee had introduced billing records as evidence of the existence of attorney's fees without objection. According to the attached transcript, when the circuit court had asked whether there was any objection to the introduction of the billing records, appellant's attorney stated, "I don't, Your Honor. I believe the Rule[s] of Civil Procedure require post-hearing motions be filed as, you know, -- upon relief being granted and it's the ultimate decision of the Court. But I don't have any – Judge, I know the Court can give it the appropriate weight[.]" Appellee argued that because the circuit court's order did not address her request for fees, the order was not final as contemplated under Rule 5(b)(1).

Alternatively, appellee argued that even if the order had been a final order, Rule 54(e) "does not contemplate that service of a motion for fees under the rule must be made by service upon the party under" Rule 5(b)(1). She claimed that the purpose of Rule 54(e)'s requirement that service be made within fourteen days was to "assure that the opposing party is informed of the claim before the time for appeal has elapsed." Ark. R. Civ. P. 54, Add. to Rep. Notes, 1997 Amendment. Appellee argued that requiring service on a party pursuant to Rule 5(b)(1) is inconsistent with this purpose and alleged that "[t]aken to its natural conclusion, [appellant's] assertion would require all routine posttrial motions to be served on the party." Appellee contrasted appellant's proposed interpretation of the rules requiring service of a motion for fees on a party within fourteen days of the judgment with the service requirements of a notice of appeal. Citing Arkansas Rule of Appellate Procedure–Civil 3(f),

3

a notice of appeal is required to be served on counsel for all other parties unless a party is not represented by counsel. Thus, appellee argued that appellant's assertion "was contrary to the stated purpose of the rule and is an untenable interpretation in light of the service requirements for a notice of appeal."

Without a hearing, on January 27, 2022, the circuit court entered an order wherein it specifically granted appellee's motion for attorney's fees for the reasons set forth in her motion, awarded appellee $10,000 in attorney's fees to be paid directly to appellee's attorney within ninety days of the order, and denied appellant's motion to dismiss without any explanation. This appeal followed.

## II. *Standard of Review*

The construction of a court rule is a question of law, which we review de novo. *State ex rel. Rutledge v. Purdue Pharma L.P.*, 2021 Ark. 133, 624 S.W.3d 106. When construing a court rule, we use the same means and canons of construction used to interpret statutes. *Id.* The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432. When the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to

resort to the rules of statutory interpretation. *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009). However, we will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. It is axiomatic that this court strives to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Sw. Power Pool, Inc. v. Kanis & Denny Rds. Suburban Water Improvement Dist. No. 349 of Pulaski Cty.*, 2016 Ark. 135, 489 S.W.3d 140.

III. *Analysis*

On appeal, appellant does not contend that the circuit court abused its discretion in awarding attorney's fees, nor does he argue that the amount awarded was an abuse of discretion. Instead, he argues that appellee could not recover the requested fees because she failed to follow the proper procedure for such a request.

Arkansas Rule of Civil Procedure 54(e) states the following in relevant part:

> (1) *Claims for attorneys' fees and related nontaxable expenses shall be made by motion* unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

> (2) Unless otherwise provided by statute or order of the court, *the motion must be filed and served no later than 14 days after entry of judgment*; must specify the judgment and the statute or rule entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion, shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.

(Emphasis added.)

Because Rule 54(e) does not specify how service must be made, we must look to Arkansas Rule of Civil Procedure 5 which provides how service must be made.

5

**(a) Service: When Required.** Except as otherwise provided in these rules, every pleading *and every other paper*, including all written communications with the court, *filed subsequent to the complaint*, except one which may be heard ex parte, shall be served upon each of the parties, unless the court orders otherwise because of numerous parties. . . .

**(b) Service: How Made.**

(1) Whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, *the service shall be upon the attorney, except that service shall be upon the party if the court so orders or the action is one in which a final judgment has been entered and the court has continuing jurisdiction.*

. . . .

(3) *If a final judgment or decree has been entered and the court has continuing jurisdiction,* service upon a party by mail or commercial delivery company shall comply with the requirements of Rule 4(G)(1) and (2), respectively.

(Emphasis added.)

The first requirement under Rule 54(e)(2) is that the motion for attorney's fees must be filed within fourteen days. Here, the motion was filed on the thirteenth day, and it was, therefore, timely filed. The next requirement under Rule 54(e)(2) is that the motion for attorney's fees must be served, and we turn to Rule 5 for authority.

In reviewing Rule 5, there is no room for ambiguity, and we are bound to interpret unambiguous rules giving the words their ordinary and usually accepted meaning in common language without resorting to rules of statutory interpretation. According to Rule 5(a) "*every other paper . . . filed subsequent to the complaint . . .* shall be served upon each of the parties. . . . " (Emphasis added.) According to subsection (b)(1), whenever service under this rule is required or permitted to made upon a party, "the service shall be upon the attorney.

6

. . ." However, for some reason beyond our permitted purview, the Rule contains an explicit exception. Rule 5(b)(1) continues and states that where service is made in an action in which a "*final judgment has been entered and the court has continuing jurisdiction*," service "*shall be [made] upon the party*." (Emphasis added.) Finally, subsection (b)(3) completes the service protocol by further refining service on a "party" by stating, "*If a final judgment or decree has been entered and the court has continuing jurisdiction,* service upon a party by mail or commercial delivery company shall comply with the requirements of Rule 4(G)(1) and (2), respectively." (Emphasis added.)

In light of the clear and unambiguous language cited above, our only review is limited to whether the order appealed from herein is a "final judgment" and whether "the court has continuing jurisdiction." If those answers are in the affirmative, the plain language of Rule 5 of the Arkansas Rules of Civil Procedure required the motion for attorney's fees filed by the appellee herein to be served upon the appellant personally.

Appellee argues that the circuit court's order on appellant's petition to modify custody, visitation, and child support was not final because it did not address the issue of attorney's fees that "was tried by consent of the parties." However, our appellate courts have consistently held that the grant of attorney's fees is a collateral matter that does not bear upon the finality of the final judgment on the merits. *Midwest Terminals of Toledo, Inc. v. Palm*, 2011 Ark. 81, 378 S.W.3d 761; *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. VJM Enters., LLC*, 2017 Ark. App. 28, 511 S.W.3d 349; *Atkinson v. Ledbetter*, 2014 Ark. App. 245. Therefore, the circuit court's order on appellant's petition to modify custody, visitation, and

7

child support was a final judgment. Further, it is axiomatic that a circuit court maintains continuing jurisdiction in domestic-relations cases, such as divorce proceedings, child-custody disputes, child-support cases, and guardianship proceedings. *Atkinson*, *supra*; *see Hollis v. Hinton*, 2022 Ark. App. 99; *Wilson v. Wilson*, 2016 Ark. App. 191, 487 S.W.3d 420. As such, appellee was required to serve her motion on appellant and not just appellant's attorney under the rule.

This interpretation is further supported by our decision in *Connally v. Connally*, 95 Ark. App. 42, 233 S.W.3d 168 (2006). *Connally* involved a postdivorce motion in which the former husband, Kenneth Connally, had filed a motion to enforce a settlement agreement. Kenneth mailed the motion to the attorney who had represented his former wife, Catherine Connally, but did not personally serve it on Catherine. After Catherine moved to dismiss Kenneth's renewed motion, the circuit court dismissed the renewed motion due to insufficient service. Kenneth appealed, and we affirmed. Citing Rule 5(b)(1), we explained that although papers filed subsequent to a complaint are generally served on a party's attorney, if the action is one in which final judgment has been entered and the court has continuing jurisdiction, service must be made on the party himself or herself. Kenneth also argued on appeal that the circuit court erred because Catherine had actual notice of his filing the motion. We disagreed and explained that "just as actual notice does not satisfy due process under Rule 4, it does not satisfy due process under Rule 5(b)(3)." *Connally*, 95 Ark. App. at 47, 233 S.W.3d at 172. The same is true here.

8

Appellee attempts to distinguish *Connally* and argues that the result was justified in *Connally* due to the nature or circumstances leading to the motion. She goes on to argue that a "one-size-fits-all view of the Rule is not practical." While we agree that *Connally* included a motion filed much later, appellee's attempt to distinguish *Connally* is of no avail and cannot provide her with any relief. In this appeal, our task is to interpret an unambiguous rule of civil procedure and not to question the wisdom or reasons why the rule was adopted.

Appellant argues that the circuit court erred when it granted appellee's motion and denied his motion to dismiss because appellee had failed to personally serve her motion for attorney's fees on him instead of his attorney within fourteen days of the judgment as required under Arkansas Rule of Civil Procedure 54(e) and Arkansas Rule of Civil Procedure 5(b)(1). Because it is undisputed that appellee served only appellant's attorney through the court's electronic filing system, and because of the plain and unambiguous language of the rules, we agree with appellant.

Although appellee offers several alternative arguments as to why we should affirm, these arguments lack merit. Appellee argues that we should affirm because the circuit court had the inherent power to award attorney's fees and *could* have ruled on appellee's request for fees at any point. We acknowledge that it is well settled that the circuit court has the inherent power to award attorney's fees in domestic-relations proceedings, and no statutory authority is required. *Hargis v. Hargis*, 2019 Ark. 321, 587 S.W.3d 208; *John v. Bolinder*, 2019 Ark. App. 96, 572 S.W.3d 418. However, here, the circuit court did not award attorney's

9

fees until after a Rule 54(e)(2) motion was filed. Further, the grant of attorney's fees is a collateral matter that does not bear upon the finality of the final judgment on the merits. *Midwest Terminals of Toledo, Inc.*, 2011 Ark. 81, 378 S.W.3d 761; *Farm Bureau Mut. Ins. Co. of Ark., Inc.*, 2017 Ark. App. 28, 511 S.W.3d 349; *Atkinson v. Ledbetter*, 2014 Ark. App. 245.

Appellee's remaining arguments in essence would have us ignore our canons of construction in construing an unambiguous court rule, and as explained above, we simply cannot do that. As such, we must reverse.

Reversed.

VIRDEN and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Philip B. Montgomery* and *Brenda S. Simpson*, for appellee.