Cite as 2024 Ark. 115

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – RECOMMENDATIONS TO REVISE RULE 5 OF THE ARKANSAS RULES OF APPELLATE PROCEDURE–CIVIL; AND RULES 5, 6, 26, AND 54 OF THE ARKANSAS RULES OF CIVIL PROCEDURE | **Opinion Delivered:** June 13, 2024 |

**PER CURIAM**

Today, the court publishes for comment proposed amendments to Rule 5 of the Arkansas Rules of Appellate Procedure–Civil, and Rules 5, 6, 26, and 54 of the Arkansas Rules of Civil Procedure.

We express our gratitude to the members of the Supreme Court Committee on Civil Practice for their work. The amendments are set out below in "line-in, line-out" fashion with new material underlined and deleted material struck through.

Comments should be made in writing on or before August 15, 2024, addressed to Kyle E. Burton, Clerk of the Arkansas Supreme Court and Court of Appeals, 625 Marshall Street, Suite 130, Little Rock, Arkansas 72201, or by email: rulescomments@arcourts.gov.

**Arkansas Rules of Appellate Procedure—Civil**

**Rule 5. Record; Time for Filing.**

(a) *When filed*. The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided. When, however, an appeal is taken from an interlocutory order under Rule 2(a)(6) or (7), the

record must be filed with the clerk of the Supreme Court within thirty (30) days from the filing of the first notice of appeal.

(b) *Extension of time.*

(1) ~~If any party has designated stenographically reported material for inclusion in the record on appeal, t~~The circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered ~~the~~ any stenographically reported material that is designated for inclusion in the record from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

(2) In no event shall the time be extended more than seven (7) months from the date of the filing of the first notice of appeal.

(3) If the appellant has obtained the maximum seven-month extension available from the circuit court, or demonstrates (by affidavit or otherwise) an inability to obtain entry of an order of extension, then before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

(c) *Partial record.* Prior to the time the complete record on appeal is filed with the clerk of the Arkansas Supreme Court as provided in this rule, any party may docket the appeal to make a motion for dismissal or for any other intermediate order by filing a partial record with the clerk. At the request of the moving party, the clerk of the circuit court that entered the judgment, decree, or order from which the appeal is taken shall certify the portion of the record designated by that party as being a true and correct copy. It shall be the

responsibility of the moving party to transmit the certified partial record to the clerk of the Arkansas Supreme Court.

Addition to Reporter's Notes, 2012 Amendment: Arkansas Rule of Appellate Procedure– Civil 5(b)(1)(E) is revised to give the circuit court authority to extend the time for filing the record on appeal when necessary for the circuit clerk to compile the record. The rule previously gave that authority to the circuit court only when necessary for the court reporter to include the stenographically reported material in the record on appeal. However, in its per curiam opinion of *Bowman v. Centennial Bank*, 2011 Ark. 34, the Arkansas Supreme Court noted that the rule failed to address the situation when the circuit clerk needs additional time to compile the record. To extend the time for filing the record on appeal because the circuit clerk needs additional time, the circuit court must make the same prerequisite findings under Rule 5(b)(1)(A) through (E) required for granting extension of time for filing the record when the court reporter needs additional time to compile the record.

Addition to Reporter's Notes, 2024 Amendment: As set forth in the addition to the Reporter's Notes, 2012 Amendment, Rule 5(b)(1)(E) was amended in 2012 to allow an extension of time when the clerk needs additional time to compile the record. However, that amendment retained the precondition in 5(b)(1) that before any extension would be allowed, a party must designate stenographically reported material for inclusion in the record. This amendment eliminates that precondition and allows an extension when the clerk needs one even if no stenographically reported material is designated in the record.

**Arkansas Rules of Civil Procedure**

**Rule 5. Service and filing of pleadings and other papers.**

. . . .

5(b) *Service: Serving an Attorney or a Party and How Service is Made.*

(1) (A) Whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, the service ~~shall~~ must be upon the attorney.~~,~~

(B) ~~except that~~ However, service ~~shall~~ must be upon the party:

(i) if the court so orders; or

(ii) the action is one in which a final judgment has been entered and more than 90 days have passed since the entry of the final judgment ~~has been entered and the court has continuing jurisdiction~~.

3

(C) In the event the attorney-client relationship has terminated between an attorney served and the client against whom relief is requested, the attorney must file a notice, to be served upon the client, within five days of service advising the court and the adverse party that the relationship has terminated and that the party must be served.

(2) Except as provided in paragraph (3) (6) of this subdivision, service upon the attorney or upon the party shall must be made by delivering a copy to him the attorney or the party or by sending it to him the attorney or the party by regular mail or commercial delivery company at his the attorney's or the party's last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy for purposes of this paragraph means either:

(A) handing it to the attorney or to the party;

(B) by leaving it at his the attorney's or the party's office with his the attorney's or the party's clerk or other person in charge thereof; or,

(C) if the office is closed or the person has no office, leaving it at the attorney's or the party's dwelling house or usual place of abode with some person residing therein who is at least 14 years of age residence with any member of the attorney's or the party's family who is at least 18 years of age.

(3) Service by mail is presumptively complete upon mailing, and service by commercial delivery company is presumptively complete upon depositing the papers with the company.

(4) When service is permitted upon an attorney, such service may be effected by electronic transmission, including e-mail or service through the court's electronic filing system, provided that the attorney being served has facilities within his or her office to receive and reproduce verbatim electronic transmissions.

(5) Service is complete upon transmission but is not effective if it does not reach the person to be served. Service by a commercial delivery company shall not be valid unless the company:

(A) maintains permanent records of actual delivery, and

(B) has been approved by the circuit court in which the action is filed or in the county where service is to be made.

(3)(6) If more than 90 days have elapsed since a final judgment or decree has been entered and the court has continuing jurisdiction, service upon a party by mail or

4

commercial delivery company ~~shall~~ <u>must</u> comply with the requirements of Rule 4(G)(1) and (2), respectively.

**<u>Additions to Reporter's Notes, 2024 Amendment:</u>** <u>Several changes are made to Rule 5(b) by this amendment. First, the Rule is restructured into subdivisions to make its requirements clearer and easier to follow. "Shall" is replaced by "must" to make clear that the directed action is mandatory. And gender-specific terms (him and his) are replaced with gender-neutral terms (attorney and party).</u>

<u>Subdivision (b)(1) includes amendments to address the result in *Mullenix v. Mayberry*, 2023 Ark. App. 139, 662 S.W.3d 691. That case invalidated a postjudgment motion for attorney fees filed in a domestic-relations case because it was not served upon the opposing party. It was only served upon the opposing party's attorney. A straightforward application of the then-existing text of Rule 5(b)(1) meant that service was invalid. The case was one in which a final judgment had been entered and over which the court had continuing jurisdiction in that it was a domestic-relations case. *See Atkinson v. Ledbetter*, 2014 Ark. App. 245, at 5, 2014 WL 1661503 at ★3. The amendment removes the distinction between cases over which the court has continuing jurisdiction and all other cases. Instead, service is required on the party for any paper filed more than 90 days after final judgment is entered.</u>

<u>The amendment also adds subdivision (b)(1)(C) to require an attorney to notify the court and the opposing party if service on the attorney is insufficient because the attorney/client relationship has terminated.</u>

<u>Subdivision (b)(2)(C) amends the language determining on whom service may be made so that it is consistent with Rule 4(f)(1)(B). Rule 4 no longer allows service on a person at least 14 years of age residing at a defendant's dwelling house or usual place of abode. Rather, it allows service upon a family member at least 18 years of age at the defendant's residence. The amendment tracks this language.</u>

<u>Subdivision 4 simply recognizes that service on an attorney for a represented party may be made by the court's electronic filing system.</u>

**Rule 6. Time.**

. . . .

6(d) ***Additional Time After Service by Mail,*** ~~*or*~~ ***Commercial Delivery Company<u>, or Electronic Transmission</u>***. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, commercial delivery company, or electronic transmission, including e-mail ***<u>or service through the court's electronic filing system</u>*** pursuant to Rule 5(b)(2), three (3) <u>business</u> days shall be added to the prescribed period.

Provided, however, that this subdivision shall not extend the time in which the defendant must file an answer or pre-answer motion when service of the summons and complaint is by mail or commercial delivery company in accordance with Rule 4.

**Addition to Reporter's Notes, 2024 Amendment:** The 2024 amendment to Rule 6(d) clarifies that three business days are added to the time for a response when service is through the court's electronic filing system. The portion of Administrative Order No. 21 making service of a document effective upon transmission of the electronic filing notice by the clerk created an ambiguity in the opinion of some practitioners regarding the applicability of the three extra business days for response. This amendment clarifies three business days are to be added.

## Rule 26. General provisions governing discovery.

(a) *Discovery Methods.* Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise under subdivision (c) of this rule, the frequency of use of these methods is not limited.

(b) *Scope of Discovery.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

> (1) *In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues in the pending actions, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, identity and location of any books, documents, or other tangible things and the identity and location of persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of any cause. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

> (2) *Insurance agreements.* A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.

(3) *Trial preparation; materials*. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(4) *Expert disclosures* ~~*Trial preparation: experts*. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:~~

(A) ~~(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which he is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, (ii) Subject to subdivision (b)(4)(C) of this rule, a party may depose any person who has been identified as an expert expected to testify at trial.~~ A party must disclose to the other parties the identity of any expert witness it may use at trial to present evidence under Arkansas Rule of Evidence 702, 703, or 705.

(B) ~~A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at the trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impractical for the party seeking~~

discovery to obtain facts or opinions on the same subject by other means. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Arkansas Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

(D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(b)(4)(B) or (C), within 30 days after the other party's disclosure.

8

(E) *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

(5) *Trial Preparation: Experts.*

(A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(b)(4)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rule 26(b)(3) protects drafts of any report or disclosure required under Rule 26(b)(4), regardless of the form in which the draft is recorded.

(C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rule 26(b)(3) protects communications between the party's attorney and any witness required to provide a report under Rule 26(b)(4), regardless of the form of the communications, except to the extent that the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

(D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

(C̶E) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(5)(A) and (D) (4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under

9

subdivision (b)(5)(D)(4)(B) of this rule the court shall require the party seeking discovery to pay the other a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(56) *Inadvertent Disclosure.*

(A) A party who discloses or produces material or information without intending to waive a claim of privilege or attorney work product shall be presumed not to have waived under these rules and the Arkansas Rules of Evidence if the party takes the following steps: (i) within fourteen calendar days of discovering the inadvertent disclosure, the producing party must notify the receiving party by specifically identifying the material or information and asserting the privilege or doctrine protecting it; and (ii) if responses to written discovery are involved, then the producing party must amend them as part of this notice.

(B) Within fourteen calendar days of receiving notice of an inadvertent disclosure, a receiving party must return, sequester, or destroy the specified materials and all copies. After receiving this notice, the receiving party may not use or disclose the materials in any way.

(C) A receiving party may challenge a disclosing party's claim of privilege or protection and inadvertent disclosure. The reason for such a challenge may include, but is not limited to, the timeliness of the notice of inadvertent disclosure or whether all the surrounding circumstances show waiver.

(D) In deciding whether the privilege or protection has been waived, the circuit court shall consider all the material circumstances, including: (i) the reasonableness of the precautions taken to prevent inadvertent disclosure; (ii) the scope of the discovery; (iii) the extent of disclosure; and (iv) the interests of justice. Notwithstanding Model Rule of Professional Conduct 3.7, and without having to terminate representation in the matter, an attorney for the disclosing party may testify about the circumstances of disclosure and the procedures in place to protect against inadvertent disclosure.

(c) *Protective Orders.* Upon motion by a party or by the person from whom discovery is sought, stating that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters

not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(d) *Sequence and Timing of Discovery*. Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.

(e) *Supplementation of Responses*. (1) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. This duty includes, but is not limited to, supplying supplemental information about the identity and location of persons having knowledge of discoverable matters, the identity and location of each person expected to be called as a witness at trial, and the subject matter and substance of any expert witness's testimony.

(2) An additional duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.

(f) *Contents of Trial Court Orders for Production of Discovery When Defense to Production is a Privilege or the Opinion-work-product Protection*. When the defense to production of discovery is any privilege recognized by Arkansas law or the opinion-work-product protection, orders pursuant to Rule of Civil Procedure 37 compelling production of discovery or denying a motion to quash production of materials pursuant to Rule 45 shall be supported by factual findings and shall address the following factors:

(1) the need to prevent irreparable injury;

(2) the likelihood that the claim of privilege or protection would be sustained on appeal;

(3) the likelihood that an immediate appeal would delay a scheduled trial date;

(4) the diligence of the parties in seeking or resisting the discovery in the circuit court;

(5) the circuit court's written statement of reasons supporting or opposing immediate review; and

(6) any conflict with precedent or other controlling authority as to which there is substantial ground for difference of opinion.

The Supreme Court may, in its discretion, permit an interlocutory appeal from such orders pursuant to Ark. R. App. P.–Civ. 2(f).

Addition to Reporter's Notes, 2024 amendment. The portion of the Rule concerning disclosure of expert opinions and revelation of expert work product are substantially revised to adopt the Federal Rules' approach to both topics. Cases interpreting the Federal Rules should be consulted to apply these Arkansas changes.

Expert reports are required by Rule 26(b)(4)(B) for retained experts and for in-house experts whose employment regularly requires them to present expert testimony. The federal model works well and produces higher-quality written disclosure of expert opinions when compared to attorney responses to interrogatories under the former Arkansas Rule. Further, practitioners are not encumbered with two different sets of expert disclosure rules depending on whether the case is in state court or federal court.

Protection for draft expert reports and communications between attorneys and experts is adopted as well. These changes follow the 2010 amendments to the Federal Rules. The federal approach was meant to avoid what was deemed to be an expensive, time-consuming waste of litigation efforts. While the 1993 amendments (probably inadvertently) allowed discovery of draft reports and attorney/expert communication, little was actually produced because lawyers and experts managed to avoid exchanging drafts or anything else in writing. Yet, large amounts of time and resources were devoted to finding out if they did. And, the older rule created a cottage industry for non-testifying, consulting experts with whom attorneys did the strategizing. That favored the party with the resources to hire two sets of experts and seemed unfair. *See* Anderson, *Full Disclosure No More: New Amendments to Rule 26 Extend Work Product Protection to Retained Expert Witnesses*, 30 TAQ 21 (Winter 2011); Cranston, *Expert Discovery: Questions Remain*, 47 AZ Attorney 38 (March 2011). The federal approach enjoyed broad support from the bench and the bar as reflected in the Advisory Committee, Report to Standing Committee on Rules of Practice and Procedure (May 8, 2009). All Committee Meeting Minutes and Reports are available online at www.uscourts.gov.

**Rule 54. Judgments; Costs.**

. . . .

(e) *Attorneys' Fees*. (1) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

> (2) Unless otherwise provided by statute or order of the court, the motion must be filed ~~and served~~ no later than 14 days after entry of judgment; must specify the judgment and the statute or rule entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion, shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.

> (3) On request of a party or class member, the court shall afford an opportunity for adversary submissions with respect to the motion in accordance with Rule 43(c) or Rule 78. The court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court. The court shall find the facts and state its conclusions of law, and a judgment shall be set forth in a separate document as provided in Rule 58.

> (4) The court may refer issues relating to the value of services to a special master under Rule 53 without regard to the provisions of subdivision (b) thereof.

> (5) The provisions of subparagraphs (1) through (4) do not apply to claims for fees and expenses as sanctions for violations of these rules.

Addition to Reporter's Notes, 2024 Amendment:  Subdivision (e)(2) is amended to delete the requirement that a motion for attorneys' fees be both filed and served no later than 14 days after entry of judgment. The change requires filing only within that time frame. Service continues to be required under Ark. R. Civ. P. 5. This change brings the Rule in line with Fed. R. Civ. P. 54, after which the Rule is modeled. An identical change was made to the Federal Rule in 2001. Further, the change is motivated in part by the result in *Mullenix v. Mayberry*, 2023 Ark. App. 139, 662 S.W.3d 691. That case invalidated an award of attorney fees when the motion was timely filed within 14 days of entry of judgment but was not correctly served within that time frame. Timely filing with service that complies with Ark. R. Civ. P. 5 should be sufficient to perfect such a motion. A contemporaneous amendment to Ark. R. Civ. P. 5 was made to address other aspects of *Mullenix.*